

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

| | | |
|---|---|---|
| *Paul E. Budlow* | *Suite 400* | *DIRECT: 410-209-4917* |
| *Assistant United States Attorney* | *36 S. Charles Street* | *MAIN: 410-209-4800* |
| *Paul.Budlow@usdoj.gov* | *Baltimore, MD 21201-3119* | *FAX: 410-962-3091* |

July 27, 2022

Honorable Ellen L. Hollander
United States District Judge
District of Maryland
101 W. Lombard St.
Baltimore, MD 21201

      Re:   *United States v. Martin R. Hall*
            Case #:  ELH-16-469
            <u>Government's Opposition to Defendant's Motion to Seal</u>

Dear Judge Hollander:

      The government writes in opposition to defendant Martin R. Hall's ("Hall") requests to seal records (Doc.'s 84, 86).

      In January 2021, the defendant wrote to the Court and indicated that due to his move from FCI Elkton in Ohio to FCI Ft. Dix in New Jersey, he perceived that he was in danger. According to his letter, the defendant now believed that he would be "singled out for attack" and "assaulted." Doc 84, at 1-2. He asked the Court to "seal my records." *Id*. in March of 2021, the defendant again wrote the court, indicating that he believed that he was "in danger," and that for "personal safety reasons," he was asking the Court to "remove case details," from "outside commercial services." Doc. 86, at 1-2.

      Although the defendant has not articulated specifically which documents he is moving to seal, he does reference "Pacer" and his commission of "such an evil and egregious offense." Doc. 84, at 2. Thus, the government presumes that the defendant is seeking to seal any document that references the nature of the offense,[1] which would include the indictments, motions and responses,[2] plea agreement, transcripts of all proceedings, the docket sheet reflecting the conviction, and more. Additionally, in Doc. 87, the Court ordered the government it advise if any

---

[1] The defendant was convicted production of child pornography with intent to transport to the United States and sex tourism.

[2] The motions filed in this case included defense motions to suppress evidence based on a 4th Amendment claim relating to a novel technology for collecting digital evidence and a government motion to compel the defendant to decrypt a digital device. Both are matters involving significant public interest.

of the publicly available filings should be sealed. The government has reviewed the docket on Pacer, and for the reasons set forth in this letter, opposes the sealing of any additional documents.

It is well-settled that under common law and the First Amendment, "[c]riminal proceedings and related documents are [] presumptively open to the public." *United States v. Doe*, 962 F.3d 139, 145 (4th Cir. 2020). The public's right of access extends beyond simply the ability to attend open court proceedings. Rather, it envisions a pervasive common law right to inspect and copy public records and documents, including judicial records and documents.

When documents and proceedings are protected by the First Amendment, a "compelling government interest" must justify denial of access, and any closure must be "narrowly tailored to serve that interest." *United States v. Doe*, 962 F.3d 139, 145 (4th Cir. 2020). The Fourth Circuit has previously "held that the First Amendment right applies to sentencing and plea hearings, as well as to documents filed in connection with those proceedings." *Id*., at 146 (4th Cir. 2020) (citing *In re Washington Post Co.*, 807 F.2d 383 (4th Cir. 1986). Thus, the defendant must show a compelling government interest to seal the records, and such sealing must be narrowly tailored to serve that interest.

Here, the defendant baldly states that he will be assaulted and is in danger, because he moved facilities, and the inmates at his new facility will learn of his conviction through accessing PACER using contraband cell phones. The defendant provides nothing more than these unsupported and vague allegations, essentially alleging that any inmate with child exploitation offenses will be "targeted" by "aggressive inmates." Doc. 84, at 2. The defendant fails to provide any affidavits or other evidence to support his conclusory claims.

In similar cases, courts have denied defendants' motions to seal records associated with their crimes where the defendant offered no real evidence as to why the records should be sealed. *See United States v. Dowdy*, No. 5:07-CR-50042, 2020 WL 5603927, at *1 (W.D. Ark. Sept. 18, 2020); *United States v. Revland*, No. CR 02-4025–DEO, 2013 WL 2146902 (N.D. Iowa, May 15, 2013).[3] Without a strong showing of a compelling interest in sealing his case, the defendant's motion must fail.

---

[3] Similar to Hall, the defendant in *United States v. Revland*, made a generalized argument that inmates convicted of certain offenses are at an increased risk of suffering assaults while incarcerated. In denying the defendant's motion to seal, the court noted,

> "I have no reason to doubt that this assertion is, unfortunately, correct. However, the accuracy of the assertion says nothing about the specific issue presented here. Indeed, the assertion proves too much. If the fact that being convicted of certain charges places an inmate at greater risk justifies the sealing of court records, then virtually every filing in every case involving those charges would be withheld from public access. Arguing that inmates convicted of certain offenses are more likely to suffer assaults in prison does nothing to advance an argument that the specific information contained in a specific filing in this case should be kept under seal.

*Id*, No. CR02-4025-DEO, 2013 WL 2146902, at *2 (N.D. Iowa May 15, 2013).

Moreover, to the extent that the defendant is concerned that any inmate in the Bureau of Prisons will learn the nature of his conviction, preventing public access to the judicial documents in this case will not accomplish his desired result. A simple "Google" search using the defendant's name will return media reports of the defendant's conviction and sentencing. Accordingly, the defendant's fellow inmates may easily learn the nature of his offense from other publicly available information, and granting the defendant's motion will not serve any interest, compelling or otherwise.[4]

Thus, because the defendant fails to articulate a compelling government that will result from a failure to seal the judicial proceedings and records, and because the information contained in the records is also readily available in the public domain, his motion to seal should be denied.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: /s/ Paul E. Budlow
Paul E. Budlow
Assistant United States Attorney

Cc: Martin R. Hall, #62377-037

---

[4] See *Rega v. Wetzel*, No. 2:13-CV-1781, 2015 WL 540051, at *2 (W.D. Pa. Feb. 10, 2015) (denying motion to seal in part because inmates could learn of the defendant's convictions from other publicly available information).